1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11    KAREL SPIKES,                              Civil No.    10cv344-BTM (CAB)

12                              Plaintiff,       **ORDER ENFORCING SETTLEMENT**
                                                 **AGREEMENT**
13                       v.

      SAN DIEGO MOTORS, INC.;
14    RAHIMZADEH FAMILY REVOCABLE
      TRUST (11-13-06); and DOES 1 through 10,
15    Inclusive,

16                              Defendant.

17

18          On May 25, 2010, the Court held an Early Neutral Evaluation conference.  The parties

19    reached a settlement with a proposed plan for site compliance and a payment schedule.  The

20    settlement terms were put on the record. [Doc. No. 11.] Defendants' counsel, Mr. Peters,

21    expressed a concern regarding the defendants' reporting requirements arising out of the payment of

22    damages, and the court allowed defendants to brief the issue. [Doc. No. 10.]   Defendants have

23    now filed a  "Court-Ordered Brief Re Tax Reporting Re Plaintiff's Request that Settlement be Paid

24    and Reported to Another." [Doc. No. 13.]

25          First, the title of defendants' brief is misleading.  In the settlement, there was discussion

26    about how much of the final settlement amount the plaintiff and his attorney (Ms. Vandeveld)

27    would each be getting.  Plaintiff requested that all of the settlement payments be paid to Ms.

28    Vandeveld's client trust account, with Ms. Vandeveld providing to Mr. Peters the Taxpayer

                                                 1
                                                                                      10cv344

1   Identification Number (TIN) for her client trust account for purposes of reporting the total

2   settlement amount to the IRS.  It is this court's experience that this is the normal course of practice

3   in these types of cases.  It was Mr. Peters who expressed his concern that his clients had an

4   independent obligation to (a) determine with certainty what portion of the total settlement amount

5   would be retained by the plaintiff and what portion would be retained by Ms. Vandeveld,  (b)

6   make a determination as to whether the amount retained by plaintiff was taxable income to him,

7   and (c) then separately report that amount (under plaintiff's social security number) to the IRS.

8   This court had never heard of such a reporting requirement on the part of a settling defendant,

9   other than in an employment/back pay situation, and hence, requested this briefing.

10          After reviewing Mr. Peters' brief and all cited authority, this Court is not persuaded that

11   there is such a reporting requirement on the part of the defendants, other than to report that they

12   have paid the entire settlement amount to the Ms. Vandeveld's client trust account.  None of the

13   authorities cited by Mr. Peters directly stand for the proposition that, in this non-employment

14   context,  defendants have an independent obligation to (a) determine with certainty what portion of

15   the total settlement amount will be retained by the plaintiff, (b) make a determination as to

16   whether the amount retained by plaintiff is taxable income to him, and (c) then separately report

17   that amount (under plaintiff's social security number) to the IRS.

18          For example, in Section One [Doc. No. 13 at 7-10], Mr. Peters cites to a letter dated

19   October 27, 2005 from Michael J. Montemurro of the Department of the Treasury to Mr. Peters

20   (hereinafter "the letter").  [Doc. 13-2 at 1-5.] In the letter, Mr. Montemurro sets forth general rules

21   governing what constitutes gross income, and the **taxpayer's** responsibilities regarding reporting

22   gross income.  It does not speak to whether a settling defendant is obligated or even qualified to

23   report to the IRS how much of a total settlement payment is being retained by the plaintiff and

24   should be considered gross income to the plaintiff/taxpayer.  Moreover, the letter specifically

25   states: '[w]hether a recovery under the ADA is excludable from gross income under § 104(a)(2) of

26   the Code is beyond the scope of this letter, which is for informational purposes only and does not

27   constitute a ruling." [Doc. No. 13-2 at 3.] In addition, the letter acknowledges that "[w]hether

28   settlement proceeds are excludable from gross income as damages received on account of personal

2

10cv344

injuries or physical sickness is, in part, a factual question." [Doc. 13-2 at 2.] Thus, the letter does nothing to address whether the portion of the settlement proceeds eventually retained by plaintiff will be considered taxable income to him.

Likewise, all of the other authorities cited by Mr. Peters in Section One speak to whether a **taxpayer** should be reporting certain income, not whether a settling defendant has an obligation to make such a separate reporting. For example, Mr. Peters cites to Banks v. Commissioner, 125 S.Ct. 826 (2005) for the proposition that there "is no question that settlements for claims of financial damages in ADA/accessibility and similar lawsuits are taxable income to the owner(s) of the settled claims." [Doc. No. 13 at 8.] First, Banks was not an ADA accessibility case. Rather, it was an employee suing a former employer for employment discrimination. Banks, 125 S.Ct. at 826. Moreover, Banks involved the question of the whether the **taxpayer** must include in his gross income the portion of a taxable recovery that the taxpayer paid to his attorney as part of a contingent fee arrangement. Id. at 831-34. Banks does not address the obligations of the party who paid the litigation settlement. Id. Thus, neither Banks nor the letter support defendants' counsel's proposition that defendants must determine what portion of the settlement will be retained by plaintiff, whether that amount is taxable income to plaintiff, and separately report that amount to the IRS.

In Section Two, Mr. Peters again cites to the letter for the proposition that a payor of a settlement has a reporting obligation if the payment is more than $600. [Doc. No. 13 at 10-11.] No one is disputing that defendants have a reporting obligation. It is clear that defendants must report the full payment made to Mr. Vandeveld's client trust account. Ms. Vandeveld has agreed to provide her Taxpayer Identification Number ("TIN"). Rather, the question is whether defendants must make a separate report of the amount that the defendants (1) think the plaintiff will retain; and (2) know with certainty to be taxable income to plaintiff. The letter does not speak to that issue.

In Section Three, Mr. Peters argues that a payor may be penalized for failing to report a settlement payment. Again, there is no question that defendants must report the full payment made to Ms. Vandeveld's client trust account. The question is whether the defendants are the ones to

10cv344

1    make the determination of what amount of the settlement payment will (1) be retained by plaintiff

2    and (2) be considered taxable income to plaintiff.  None of the cited authority speaks directly to

3    that issue.

4            In Section Four [Doc. No. 13 at 13-14], Mr. Peters argues that if an owner of a claim

5    fails to provide his taxpayer ID number, the payor should undertake backup withholding.  Again,

6    there is no issue here of failure to provide a TIN.  Ms. Vandeveld is more than willing to provide

7    the TIN for her client trust account.  There is nothing in the cited authority that speaks to plaintiff

8    (in a non-employment context) having to provide a separate taxpayer identification number so that

9    defendants can separately report the amount they think plaintiff will keep and that they think will

10   be considered taxable income to plaintiff.

11           Finally, in Section Five [Doc. No. 14-16], Mr. Peters discusses a previous case in the

12   Southern District of California, Hubbard v. Yardage Town, 05cv104-IEG (BLM).  First, Mr.

13   Peters acknowledges that he was sanctioned in that case for attempting to withhold from a

14   settlement a backup withholding amount which Mr. Peters claimed his client was legally obligated

15   do.  In making that (unsuccessful) argument, Mr. Peters provided much of the same authority

16   (including the letter) which he now provides to this Court. [See 05cv104-IEG (CAB), Doc. No. 43

17   at 14-16.]   In addition, Mr. Peters attaches orders from several other cases where he claims

18   plaintiffs were ordered to provide their taxpayer identification numbers. [Doc. Nos. 13-3, 13-4 and

19   13-5.] There is no indication, however, that those orders were as a result of any rulings regarding a

20   particular reporting requirement.  Therefore, those orders are not authority for Mr. Peter's

21   proposition that his clients have a reporting requirement above and beyond the requirement to

22   report the entire amounts paid to Ms. Vandeveld's client trust account.

23           Having considered the defendants' submission, the court is not persuaded that plaintiff's

24   proposed method of payment of the settlement amount is improper or contrary to authority.   This

25   was a procedural disagreement, regarding the method of payment and reporting, and is not a

26   material term of the settlement.  The settlement, entered on the record, is enforceable and Ms.

27   Vandeveld is directed to provide Mr. Peters with the necessary information to make the agreed

28   upon payments to Ms Vandeveld's client trust account and provide Mr. Peters with her TIN for

1    defendants' reporting requirements. Likewise, defendants are directed to make the payments to Ms.

2    Vandeveld's client trust account as previously agreed upon.

3           IT IS SO ORDERED.

4    DATED:  June 9, 2010

5    _____

6    **CATHY ANN BENCIVENGO**
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv344